W. Scott Mitchell
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, MT 59103-0639
Phone: (406) 252-2166
Fax: (406) 252-1669
smitchell@hollandhart.com

John D. Seiver (*pro hac vice*)
Adam S. Caldwell (*pro hac vice*)
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W.
Washington D.C.  20006
Telephone:  (202) 973-4200
Facsimile:   (202) 973-4499
johnseiver@dwt.com

ATTORNEYS FOR THE DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DALE MORTENSEN and MELISSA BECKER, individually, and on behalf of themselves and all others similar situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRESNAN COMMUNICATIONS, LLC,<br><br>*Defendant*. | No. CV-10-13-BLG-RFC<br><br>**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITIES** |

Defendant Bresnan Communications, LLC ("Bresnan"), pursuant to Local Rule 7.4, hereby advises the Court of two pertinent and significant authorities that came to Bresnan's attention after filing its reply briefs in support of the Motion to Compel Arbitration and the Motion to Dismiss on June 18, 2010.

1. The attached decision in *Manard v. Knology*, Case No. 4:10-CV-15 (CDL) (M.D. Ga. June 18, 2010) involves another putative class action against Knology, an Internet Service Provider like Bresnan, and relating to NebuAd-delivered behavioral advertising services. The district court granted Knology's motion to compel arbitration. The court rejected plaintiffs' argument that their service agreement with Knology did not involve interstate commerce, and, therefore, that the parties' arbitration agreement was not governed by the FAA. *Id.* at pp. 7-8. The decision is relevant because Plaintiffs here make the same argument that the agreement under which they receive Internet service from Bresnan does not involve interstate commerce. *See* Plaintiffs' Opp. to Motion to Compel at 7 and Defendant's Reply to Opposition to Motion to Compel Arbitration at 3-10.

2. On June 21, 2010, the attached Joint Case Management Statement was filed, in *Valentine v. NebuAd, Inc.*, dismissed in part, 2009 U.S. Dist. LEXIS 93454 (N.D.Cal. Oct. 6, 2009). Plaintiffs here are also Plaintiffs in the *Valentine* action. Plaintiffs' statements at pp. 2 and 3 of the Joint Case Management Statement provide additional support for Bresnan's argument that Plaintiffs do not

get the benefit of the "exceedingly low" pleading threshold on a motion to dismiss because in *Valentine* Plaintiffs continue to allege that NebuAd, not Bresnan, engaged in the conduct complained of in the Complaint.  *See* Defendant's Brief in Support of its Motion to Dismiss at 1-3 & 5-6, and Defendant's Reply to Opposition to Motion to Dismiss at 1-2.

DATED this 22nd day of June 2010.

        /s/ John D. Seiver
        John D. Seiver

# CERTIFICATE OF SERVICE

I certify that on June 22, 2010, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1, 2,__ | CM/ECF |
| _____ | Hand Delivery |
| __3, 4, 5, 6__ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-mail |

1. Clerk, U.S. District Court

2. Gregory Paul Johnson, Esq.
Gregory Paul Johnson, P.C.
Attorney for Plaintiffs

3. Scott A. Kamber, Esq.
David A. Stampley
Kamberlaw, LLC
Attorneys for Plaintiff

4. Brian J. Panish
Rahul Ravipudi
Panish Shea & Boyle LLP
Attorneys for Plaintiffs

5. Joseph H. Malley
Law Office of Joseph H. Malley, P.C.
Attorney for Plaintiffs

6. David C. Parisi
Parisi & Havels LLP
Attorney for Plaintiffs

        /s/  W. Scott Mitchell
        W. Scott Mitchell