SCOTT KAMBER (*Pro Hac Vice*)
skamber@kamberedelson.com
DAVID A. STAMPLEY (*Pro Hac Vice*)
dstampley@kamberedelson.com
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Fax: (212) 202-6364

JOSEPH H. MALLEY (*Pro Hac Vice*)
LAW OFFICE OF JOSEPH H. MALLEY, P.C.
1045 North Zang Boulevard
Dallas, Texas 75208
Telephone: (214) 943-6100
Fax: (214) 943-6170

DAVID C. PARISI (SBN 162248)
dcparisi@parisihavens.com
SUZANNE HAVENS BECKMAN (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
Fax: (818) 501-7852

Attorneys for Plaintiffs
Additional counsel listed on signature pages

ROBERT A. WEIKERT (State Bar No. 121146)
rweikert@nixonpeabody.com
TALLEY E. MCINTYRE (State Bar No. 203131)
tmcintyre@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax: (415) 984-8300

JASON C. KRAVITZ (*Pro Hac Vice*)
jkravitz@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110-2131
Telephone: (617) 345-1000
Fax: (617) 345-1300

Attorneys for Defendant,
NEBUAD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN VALENTINE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NEBUAD, INC., et al., <br><br> Defendants. | No. C08cv-05113(TEH)(EMC) <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: June 28, 2010 <br> Time: 10:00 a.m. <br> Hon. Thelton E. Henderson <br><br> Complaint Filed:  November 10, 2008 <br> Trial Date:  None Set |

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:08-cv-05113 (THE) (EMC)

Pursuant to Fed. R. Civ. P. 26(f), the parties met and conferred on June 17, 2010. The telephonic conference was attended by:

- Scott A. Kamber and David A. Stampley of Kamberlaw, LLC, and Pete Kaufman of of Panish, Shea & Boyle, LLP on behalf of Plaintiffs;
- Jason Kravitz and Talley McIntyre of Nixon Peabody LLP on behalf of Defendant, NebuAd, Inc. ("NebuAd") or "Defendant");

In accordance with this Court's standing order and Local Rule 16-9, the parties submitted their original joint Case Management Statement on November 9, 2009, and now submit the following updated report in preparation for the Case Management Conference scheduled for June 28, 2010, at which the parties will request the Court's referral of this matter to a to a U.S. Magistrate Judge for mediation. Currently, this Case Management Conference is scheduled in conjunction with a hearing on a pending motion to dismiss on June 28, 2010 at 10:00 a.m. In light of the ongoing settlement efforts and requested referral to a U.S. Magistrate Judge to assist with mediation, the parties have filed under separate cover a joint stipulation requesting that the hearing on the motion to dismiss be continued until after the close of mediation if the parties are unable to reach settlement. The parties also requested in the joint stipulation that the Case Management Conference be moved from 10:00 a.m. until 1:30 p.m. in accordance with the Court's Standing Order.

**1.     Jurisdiction and Service**

All parties named in the action have been served.

**Defendant**: NebuAd does not challenge this Court's exercise of personal jurisdiction over it, and does not dispute that this Court has subject matter jurisdiction over the claims asserted. NebuAd does not challenge the efficacy of service of the complaint.

**2.     Facts and Contentions of the Parties:**

**Plaintiffs**: Plaintiffs allege that NebuAd is a California-based online advertising company. Plaintiffs are citizens of Illinois, Montana, Alabama, Kansas, and Georgia.

The basis of Plaintiffs' complaint is that NebuAd contracted with ISPs to monitor and intercept without notice or consent the online communications of ISPs' customers using an

intrusive and invidious technology known as Deep-Packet Inspection ("DPI"). By utilizing DPI, Defendants are able to examine every search term entered, every item viewed, every email sent, every credit card number entered in short, every click the users of ISPs make online. To do so, NebuAd installed devices directly in the data hubs of ISPs and diverted all of the collected subscriber data to NebuAd's control, who utilized Deep Packet Inspection to alter impermissibly senders' communications being transmitted to Plaintiffs. Plaintiffs contend that these activities violate the federal Electronic Communications Privacy Act ("ECPA") and the Computer Fraud and Abuse Act ("CFAA"), and state law claims pursuant to the California Invasion of Privacy Act ("CIPA") and California Computer Crime Law ("CCCL"), all prohibiting interference, interception, and wiretapping of internet communications.

**Defendant**: This lawsuit arises out of a practice of using collected internet interaction data for the purpose of delivering targeted advertisements based on consumer activity. NebuAd worked with certain internet service providers ("ISPs") to install devices on the ISPs' networks, which devices were capable of screening ISP subscribers' internet activity. That data could theoretically be used to sell advertising tailored to subscribers' interests, in place of more generic advertisements on web pages visited by subscribers.

Plaintiffs claim they are ISP customers whose online activities were allegedly monitored during trials of this technology by NebuAd and certain ISPs. Plaintiffs claim this practice violated federal and state statutes governing the privacy of communications and computer usage.

Plaintiffs filed a complaint on November 10, 2008 against NebuAd and certain ISPs, alleging violations of the federal Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510 et seq.; California's Computer Crime Law, Cal. Pen. Code § 502; the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and California's Invasion of Privacy Act, Cal. Pen. Code § 630 et seq. Plaintiffs also charge ISPs with aiding and abetting the alleged statutory violations and with civil conspiracy, and they assert an unjust enrichment claim against all Defendants. NebuAd denies any and all wrongdoing and intends to put plaintiffs to their proof should the parties fail to reach a settlement.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:08-cv-05113 (THE) (EMC)

On October 6, 2009, the court granted the ISP Defendants' Motions to Dismiss for lack of personal jurisdiction, leaving NebuAd as the lone remaining defendant in this action.

NebuAd had been struggling financially since before this action was filed. On May 13, 2009, NebuAd's board of directors executed an assignment for the benefit of creditors ("ABC"), "a business liquidation device available to an insolvent debtor as an alternative to formal bankruptcy proceedings." *Credit Managers Ass'n v. Nat'l Indep. Bus. Alliance*, 162 Cal. App. 3d 1166, 1169 (1984). The company's assets and documents have been assigned in trust to a fiduciary assignee, NebuAd, LLC (the "Assignee"), which is to liquidate its assets to pay off creditors. To share in the proceeds from the liquidation of NebuAd's property, creditors are required to file notice of their claims with the Assignee.

**<u>Joint Principal facts in dispute:</u>**

- The amount of information NebuAd gathered from ISP subscribers for ad serving purposes;
- The nature of information NebuAd gathered from ISP subscribers for ad serving purposes;
- The manner in which NebuAd gathered information from ISP subscribers for ad serving purposes;
- What notice was given to ISP subscribers regarding NebuAd's alleged gathering of information;
- What level of consent was given by the ISP subscribers;
- What harm, if any, did any ISP subscriber suffer as a result of the conduct alleged in the complaint.

**Defendant – Additional principal facts in dispute:**

- Plaintiffs' general internet habits relating to privacy and consent, i.e. whether they ever granted consent to allow their data to be used by third parties and, if so, under what circumstances.

3.  **Legal Issues**

The parties agree that the issue of whether or not any class may be properly certified under the requirements of Rule 23(b) is one of the primary issues in this case, and that other issues include:

- Whether the federal claims in Plaintiffs' Complaint can be applied to the Defendant ISPs for the conduct complained of;
- Whether NebuAd owed the ISP subscribers a duty to disclose the fact and nature of the DPI allegedly conducted by the NebuAd device with respect to their internet communications;
- Whether consumers consented to DPI inspection of their internet communications;
- Whether conduct complained of constitutes a violation of the Electronic Communications Privacy Act ("ECPA") and the Computer Fraud and Abuse Act ("CFAA"), and state law claims pursuant to the California Invasion of Privacy Act ("CIPA") and California Computer Crime Law ("CCCL"), both as to NebuAd, and separately, as to the Defendant ISPs;
- Whether Defendant has been unjustly enriched by its allegedly unlawful conduct;
- Whether Plaintiffs lack standing under the California Invasion of Privacy Act ("CIPA") because they are not California citizens.  *See* Cal. Pen. Code § 631(a); *Kearney v. Salomon Smith Barney*, 39 Cal. 4th 95, 104, 107 (2006) (disapproving of attempt to apply California's invasion of privacy law to protect non-California citizens).
- Whether Plaintiffs lack standing under the California Computer Crime Law ("CCCL") because they are not California citizens.  *See* Cal. Pen. Code § 502(a) ("The Legislature further finds and declares that protection of . . . computer data is vital to the protection of the privacy of individuals . . . and others *within this state* that lawfully utilize those computers, computer systems, and data) (emphasis added).
- Whether the federal Electronic Communications Privacy Act ("ECPA") preempts plaintiffs' CIPA and CCCL counts.  *See Bunnell v. Motion Picture Ass'n of America*, 567 F.Supp.2d 1148, 1154 (C.D. Cal. 2007) (holding the ECPA preempted plaintiff's parallel

      CIPA claim).  The ECPA preempts parallel state laws such as the CIPA and the CCCL, expressly and by "field preemption." *Id*.

- The appropriate remedies if the conduct alleged in the Complaint supports liability under any of the claims in the Complaint, including the propriety of any monetary and/or injunctive relief requested by the Plaintiffs.

4. **Motions:**

    **a.**    **Pending Motions** (excluding *pro hac vice* admission motions)

- 12/22/08 (DKT 4) – **NebuAd's Motion to Dismiss  (this motion is still pending)**

    **b.**    **Anticipated Motions:**

**Plaintiffs**: Should the parties fail to reach settlement, Plaintiffs intend to file the following motions:  Leave to file amended pleading if consent is not obtained; class certification; dispositive motions at the appropriate time.

**Defendant**:  NebuAd is not presently aware of any motions it specifically intends to file.  Should the parties fail to reach a settlement, NebuAd also anticipates the filing of one or more dispositive motions at the appropriate time.

5. **Amendment of the Pleadings**

**Plaintiffs:**  Plaintiffs informed Defendant in November 2009 that as a result of responsive discovery and developments in the case, they will seek leave to file an amended pleading within 30 days of filing the original Case Management Statement on November 9, 2009.  Since that time, however, the parties have been engaged in good faith settlement negotiations, and Plaintiffs have not yet moved for leave to amend their pleadings.

**Defendant:**  NebuAd does not presently anticipate amending its pleadings, but will of course respond to any amended pleadings filed by plaintiffs.

6. **Evidence Preservation**

**Plaintiffs**:  Plaintiffs have sought preservation of all evidence and have a particular concern as a result of the status of the Defendant as well as the maintenance of electronic discovery.

**Defendant**: Upon information and belief, a litigation hold notice was sent to NebuAd shortly after this action was commenced.

Shortly after current counsel was retained, they learned that a company called Red Aril, Inc. ("Red Aril") apparently acquired and took possession of certain NebuAd materials, possibly including electronic records stored on computer servers. Current counsel immediately sent a letter to Red Aril, requesting that it preserve any information obtained from NebuAd. Moreover, on November 3, 2009, counsel for NebuAd served a Notice of Deposition and a Subpoena to Testify at a Deposition on Red Aril. The subpoena was intended to ensure that Red Aril preserves any NebuAd information in its possession. On December 17, 2009, Defendant deposed Ray Avakian, Director of IT, Red Aril, Inc. regarding the asset transfer from NebuAd, Inc. to Red Aril and the preservation efforts related to documents, records, and electronic data involved during the asset transfer.

NebuAd does not have any information about what efforts, if any, have been made to preserve potentially relevant information in the possession, custody or control of the plaintiffs, including without limitation ESI.

**7.   Disclosures**

As discussed at the November 10, 2009 Case Management Conference, Defendant served its initial disclosures on December 18, 2009. Plaintiffs have not yet served filed initial disclosures under F.R.C.P. 26(f).

**8.   Discovery**

   a.   **Discovery Taken to Date.** On April 17, 2009, Plaintiffs served Special Interrogatories Set One and Requests For Production (Set One) on NebuAd. On May 20, 2009, NebuAd served responses and objections to this discovery. At the present time, Plaintiffs have received approximately 6,600 pages of hardcopy documents. On November 3, 2009, counsel for NebuAd served a Notice of Deposition and a Subpoena to Testify at A Deposition on Red Aril. On December 17, 2009, NebuAd deposed Red Aril representative.

**b.    The Scope of Anticipated Discovery.** In the event the parties fail to reach settlement, the parties anticipate depositions, interrogatories, document requests, and other fact and expert discovery available under FRCP and Local Rules.

**c.    Proposed Limitations or Modifications to the Discovery Rules.** At the present time, the parties do not anticipate limitations or modifications to the discovery rules.

**d.    Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f).** Due to the ongoing efforts to reach settlement, the parties have not yet agreed on the general parameters of a discovery plan.

**9.    Class Actions**

**Plaintiffs**: Plaintiffs provide the following class action information pursuant to L.R. 16-9(b):

a.    This action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b)(1), (b)(2), and (b)(3).

b.    The action is brought on behalf of the following Class initially defined as:
> All Subscribers of ISPs utilizing NebuAd's services and whose internet communications were monitored, intercepted, accessed, copied, transmitted, altered and/or used at any time by or through a NebuAd device.

c.    The following facts alleged in the Complaint demonstrate that this action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b):

**Numerosity** – While the precise number of Class members is unknown to Plaintiffs at this time, Plaintiffs estimate that the Class consists of tens of thousands of members.

**Common Questions** – There are numerous common questions of fact and law. The principal factual issues in dispute (Section 2 above) and points of law (Section 3 above) are common to all Class members, and predominate over any questions affecting Plaintiffs or other individual members of the Class.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:08-cv-05113 (THE) (EMC)

**Typicality** – Plaintiffs' claims are typical of those of the Class. Plaintiffs and all Class members were subscribers of ISPs at the times in which and in the locations in which the Defendant ISPs activated the NebuAd device that intercepted their internet communications.

**Adequacy** – Plaintiffs have no interests adverse or antagonistic to those of the Class and have retained competent and experienced class counsel to prosecute the action.

**Superiority** – A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

Additionally, the Class may be certified because:

- The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for NebuAd and the Defendant ISPs;
- the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and
- NebuAd and the Defendant ISPs have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

d.      If the parties fail to reach settlement, barring substantial delays caused by discovery disputes, Plaintiffs anticipate bringing a motion for class certification.

**Defendant**: Should the parties fail to reach a settlement agreement, NebuAd expects to oppose any efforts to certify a class in this case, and subject to discovery, NebuAd expects to challenge each of the factors relevant to class certification.

**10.    Related Cases**

None.

**11.    Relief**

    **a.**    <u>Plaintiffs</u>:  Should the parties fail to reach a settlement agreement, Plaintiffs seek:

- An order certifying the Class, directing that this case proceed as a class action, and appointing Plaintiffs and their counsel to represent Plaintiffs and the Class;
- Judgment in favor of Plaintiffs enjoining NebuAd from engaging in DPI inspection of consumers' internet communications;
- Judgment in favor of Plaintiffs requiring NebuAd to cleanse all systems of all data obtained through the NebuAd device and enjoin any party of third party from any use of said data;
- Judgment in favor of Plaintiffs and Class members in an amount of actual damages, compensatory damages, or restitution to be determined at trial;
- Judgment in favor of Plaintiffs and Class members for statutory damages in an amount to be determined at trial;
- An order granting reasonable attorneys' fees and costs, as well as pre- and post-judgment interest at the maximum legal rate; and
- Such other and further relief as this Court may deem appropriate.

    **b.**    <u>Defendant</u>:  Should the parties fail to reach a settlement agreement, Defendant seeks:

- Dismissal of the Complaint with prejudice and/or entry of judgment in favor of NebuAd;
- An award of its costs of suit and reasonable attorneys fees; and
- Other such relief as the Court deems just and appropriate.

If liability is imposed, NebuAd would defer to its expert witness(es) to formulate the appropriate methodology for calculating damages, if any.

**12. Settlement and ADR**

The parties participated in a private mediation with JAMS. Plaintiffs and NebuAd remain willing to continue that process. Since the initial Case Management Conference, the parties have been diligently engaged in settlement discussions in person and by telephone. The negotiations are multifaceted and involve the interests of parties and certain non-parties. The discussions have included the parties themselves as well as the insurance carriers. However, after several months of in-person and telephonic discussions and exchanges of draft agreements, the parties jointly represent their belief that the parties have reached an impasse in settlement negotiations. The parties believe that the intervention of the Court may facilitate resolution and jointly request reference to a U.S. Magistrate Judge for mediation.

**13. Consent to Magistrate Judge For All Purposes**

The parties do not, at this time, consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. However, NebuAd respectfully asks that it be permitted to reserve the right to change its position in the future.

**14. Other References**

At this time, the parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

Without the benefit of fact and expert discovery, the parties do not believe that the issues can be narrowed at this time. Should the parties fail to reach settlement, after a ruling on the anticipated motion to dismiss and appropriate discovery, the parties are willing to further meet and confer regarding whether any narrowing of the factual or legal issues, including issues related to class certification, can be achieved by way of voluntary agreement.

**16. Expedited Schedule**

The parties believe this case cannot be expedited at this point.

17. **Scheduling**. If the Court refers this matter to mediation which does not result in resolution, the parties shall submit their proposed scheduling order within 14 days of the termination of mediation.

18. **Trial**

The parties have requested trial by jury of all issues so triable. The parties estimate that a trial would take approximately two weeks, but believe it is premature to schedule a trial date until the Court rules on whether this case should be certified. After the Court has ruled on Certification, the parties will reconvene and jointly submit a proposed trial date.

19. **Disclosure of Non-party Interested Entities or Persons**

a. **Plaintiff**: Plaintiffs did not disclose any persons or entities other than Plaintiffs and Defendant.

b. **Defendant**: NebuAd filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 on April 15, 2009. (DKT 98). Pursuant to Civil L. R. 3-16, NebuAd certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

**AXIS Surplus Insurance Company**

Identification of Connection/Interest: NEBUAD INSURANCE CARRIER

**St. Paul Travelers/St. Paul Fire & Marine Insurance Company**

Identification of Connection/Interest: NEBUAD INSURANCE CARRIER

In light of the ABC NebuAd executed in May 2009, NebuAd LLC and/or Sherwood Partners LLC (the assignee(s)) should also be identified as a non-party interested entities.

20. **Other Matters**

At this time, there are no other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Page 12
JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:08-cv-05113 (THE) (EMC)

Respectfully submitted,

Dated: June 21, 2010                        KamberLaw, LLC


By: /s/ David A. Stampley

DAVID A. STAMPLEY
Attorneys for Plaintiffs

Nixon Peabody LLP


Dated: June 21, 2010                        By: /s/ Talley E. McIntyre

TALLEY E. MCINTYRE
Attorneys for Defendant
NebuAd, Inc.

BRIAN J. PANISH (SBN 116060)
panish@psblaw.com
RAHUL RAVIPUDI (SBN 204519)
ravipudi@pbslaw.com
PANISH, SHEA & BOYLE, LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: (310) 477-1700
Fax: (310) 477-1699

Additional Attorneys for Plaintiffs

GENERAL ORDER 45 CERTIFICATION

I, David A. Stampley, hereby attest pursuant to N.D. Cal. General Order No. 45 that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: June 21, 2010                        KamberLaw, LLC


By: /s/ David A. Stampley

DAVID A. STAMPLEY
Attorneys for Plaintiffs