W. Scott Mitchell
Michael P. Manning
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, MT 59103-0639
Phone: (406) 252-2166
Fax: (406) 252-1669
smitchell@hollandhart.com
mpmanning@hollandhart.com

John D. Seiver (*pro hac vice*)
Adam S. Caldwell (*pro hac vice*)
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W.
Washington D.C.  20006
Telephone:   (202) 973-4200
Facsimile:    (202) 973-4499
johnseiver@dwt.com

ATTORNEYS FOR THE DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| DALE MORTENSEN and MELISSA BECKER, individually, and on behalf of themselves and all others similar situated, ) ) ) | No. CV-10-13-BLG-RFC |
| Plaintiffs, ) | |
| ) ) ) ) | **MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| BRESNAN COMMUNICATIONS, LLC, ) ) | |
| Defendant. ) ) | |

Defendant Bresnan Communications, LLC ("Bresnan"), pursuant to Local Rule 7.3, hereby requests leave to file a Motion for Reconsideration of the Court's Order denying Bresnan's Motion to Compel Arbitration (D.E. # 29).  Pursuant to Local Rule 7.1(c)(1), counsel for Plaintiffs has been contacted, and has indicated that he opposes this motion.

Bresnan acknowledges that reconsideration is generally disfavored by this Court.  However, in enforcing an arbitration clause in a consumer contract, the U.S. Supreme Court limited the circumstances in which courts can rely on state law unconscionability doctrines, as this Court did when it denied Bresnan's Motion to Compel Arbitration, to invalidate agreements to arbitrate disputes.  Accordingly, reconsideration is wholly justified.  Moreover, allowing Bresnan to file its motion will promote a timely and efficient resolution of this matter and, in light of the July 19, 2011, pretrial conference, would not be prejudicial.

## I.      INTRODUCTION

In *AT&T Mobility LLC v. Concepcion*,  131 S. Ct. 1740 (Apr. 27, 2011) (Exhibit A), the U.S. Supreme Court clarified the circumstances under which the Federal Arbitration Act ("FAA") preempts state contract law doctrines of general applicability, such as unconscionability, in determining whether to enforce arbitration clauses.  In reversing a decision by the Ninth Circuit, the Supreme Court recognized that it had not always been clear that the FAA may preempt "a

doctrine normally thought to be generally applicable [to all contracts], such as . . .
unconscionability [if that doctrine] is alleged to have been applied in a fashion that
disfavors arbitration." *Id*. at 1747.  The Supreme Court held for the first time that
the FAA preempts state contract law doctrine of general applicability, such as
unconscionability, when its application disproportionately affects arbitration
agreements or interferes with the fundamental attributes of arbitration.

      The holding in *Concepcion* is most significant.  In denying Bresnan's
Motion to Compel Arbitration here, this Court held that the arbitration provision in
Bresnan's Agreement with Plaintiffs was unconscionable.  Because the Court's
Order relied upon a doctrine that the Supreme Court has now significantly limited,
the Court should allow reconsideration under Local Civil Rule 7.3(b)(2)
(authorizing a motion for leave to file a motion for reconsideration when "new
material facts emerged or a change of law occurred after entry of the order"). [1]

---

[1] If the Court grants Bresnan's Motion, it would join a number of other courts that
are reconsidering prior orders denying arbitration and reevaluating their
unconscionability analyses in light of *Concepcion*.  *See In re Checking Account
Overdraft Litig.*, No. 10-12376, 2011 WL 1663989 (11th Cir. Apr. 29, 2011)
(vacating district court order denying arbitration and remanding for reconsideration
in light of *Concepcion*); *Arellano v. T-Mobile USA, Inc.*, No. C 10-05663 WHA,
2011 WL 1842712, at *1, 2 (N.D. Cal. May 16, 2011) (applying *Concepcion* to
hold that "states cannot refuse to enforce arbitration agreements based on public
policy" in context of consumer contract for communications services); *Zarandi v.
Alliance Data Sys. Corp.*, No. CV-10-8390 DSF (JCGx), 2011 WL 1827228, at *2
(C.D. Cal. May 9, 2011) (applying *Concepcion* to enforce arbitration provision in
consumer contract).

## II.   ARGUMENT

Section 2 of the FAA states that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  In *Concepcion*, the Supreme Court recognized that the analysis under the FAA is "straightforward" when, for instance, "state law prohibits outright the arbitration of a particular type of claim." The Supreme Court recognized, however, that under existing precedent the analysis becomes "more complex" when "a doctrine normally thought to be generally applicable [to all contracts], such as . . . unconscionability, is alleged to have been applied in a fashion that disfavors arbitration."  *Concepcion*, 131 S. Ct. at 1747.  The Supreme Court concluded that state law unconscionability analyses that arguably apply to any contract, but have a disproportionate impact on arbitration agreements, or that interfere "with fundamental attributes of arbitration," are preempted by the FAA.  *Id*. at 1748.

To demonstrate the impact of its ruling, the Supreme Court provided several examples where courts might incorrectly apply grounds traditionally thought to exist "at law or in equity for the revocation of any contract" to invalidate an arbitration agreement in violation of the FAA.  For instance, the Supreme Court noted that a court may erroneously hold that an arbitration agreement is unconscionable because it does not provide for judicially monitored discovery:

3

> A court might reason that no consumer would knowingly waive his right to full discovery, as this would enable companies to hide their wrongdoing . . . And, the reasoning would continue, because such a rule applies the general principle of unconscionability . . . it is applicable to "any" contract and thus preserved by § 2 of the FAA.  In practice, of course, the rule would have a disproportionate impact on arbitration agreements; but it would presumably apply to contracts purporting to restrict discovery in litigation as well.

*Concepcion*, 131 S. Ct. at 1747.  The Supreme Court stated that "[t]he same argument might apply to a rule classifying as unconscionable arbitration agreements that fail to abide by the Federal Rules of Evidence, ***or that disallow an ultimate disposition by a jury***." *Id.* (emphasis added).  The Supreme Court equated these examples with the "great variety of [judicial] devices and formulas declaring arbitration against public policy" that prompted Congress to enact the FAA in the first place.  *Id.* (internal quotation marks omitted).

Thus, in *Concepcion*, the Supreme Court unequivocally held for the first time that although all contracts may be invalidated on the grounds of unconscionability generally, a court may not apply "a refinement of the unconscionability analysis applicable to contracts generally" that disfavors arbitration or its fundamental attributes.  *Id.* at 1745, 1753 (stating "[i]f § 2 means anything, it is that courts cannot refuse to enforce arbitration agreements because of a state public policy against arbitration, even if the policy nominally applies to 'any contract'") (Thomas, J. concurring).  On this basis, the Supreme Court ruled that the FAA preempts state law unconscionability analyses that invalidate

arbitration provisions in consumer contracts because they contain class action waiver clauses.  *Id*. at 1750-51, 1753.  The Supreme Court found that classwide arbitration is fundamentally opposed to the objectives of arbitration (e.g., streamlined proceedings to expedite the resolution of controversies), and thus invalidating arbitration provisions that preclude classwide arbitration "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  *Id.* at 1753.

Bresnan respectfully submits that the Court's analysis is inconsistent with the Supreme Court's rulings in *Concepcion*, and requires reconsideration.  In denying Bresnan's Motion to Compel Arbitration here, this Court held that the arbitration provision in Bresnan's Agreement with Plaintiffs was unconscionable because: (1) the Agreement was a contract of adhesion; (2) "under Montana law, a contract of adhesion containing an arbitration provision will not be enforced against a weaker party if . . . arbitration is not within the party's reasonable expectations . . ."; and (3) Bresnan's arbitration provision was not within Plaintiffs' reasonable expectations because Plaintiffs' did not deliberately, intelligently, and understandingly waive their rights to a jury trial or access to the courts.  (D.E. # 29 at 6, 8).  In *Concepcion*, however, the Supreme Court stated that a waiver of a jury trial and judicially monitored rules and procedures does *not* render an arbitration provision in a consumer contract unconscionable.  To the contrary, the Supreme

5

Court stated that invalidating arbitration agreements as unconscionable because they contain a jury trial waiver exemplifies "the judicial hostility towards arbitration that prompted" the enactment of the FAA. *Concepcion*, 131 S. Ct. at 1747. Indeed, the inherent purpose of an agreement to arbitrate is to avoid the courts in favor of the informality of arbitration proceedings, thereby "reducing the cost and increasing the speed of dispute resolution." *Id*. at 1749. An unconscionability analysis that invalidates an arbitration provision because it denies the parties' access to the courts, therefore, "interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." *Id.* at 1748.

In its Order, this Court also denied Bresnan's motion by applying Montana law governing "contract[s] of adhesion ***containing an arbitration provision***," not contracts of adhesion generally. (Order at 6) (emphasis added). That application of Montana law is now precluded because state laws that address "the concerns that attend contracts of adhesion . . . cannot . . . frustrate [the FAA's] purpose to ensure that private arbitration agreements are enforced according to their terms." *Concepcion*, 131 S. Ct. at 1750 n.6. Indeed, "the times in which consumer contracts were anything other than adhesive are long past." *Id*. at 1750. The inconsistency between this important aspect of this Court's Order and *Concepcion* merits reconsideration.

### III.   CONCLUSION

WHEREFORE, Bresnan respectfully requests that the Court enter an Order granting its Motion for Leave to File Motion for Reconsideration and schedule proceedings for reconsideration of the Court's November 15 Order in advance of the July 19 pretrial conference.

DATED this 27th day of May 2011.

/s/ W. Scott Mitchell
W. Scott Mitchell

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 27, 2011, a copy of the foregoing document was served

on the following persons by the following means:

| | |
|---|---|
| _1, 2, 3, 5_ | CM/ECF |
| _____ | Hand Delivery |
| _4, 6, 7_ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-mail |

1. Clerk, U.S. District Court

2. Gregory Paul Johnson, Esq.
   Gregory Paul Johnson, P.C.
   3623 Snowline Drive
   Billings, MT  59102
   Attorney for Plaintiffs

3. Scott A. Kamber, Esq.
   David A. Stampley
   Kamberlaw, LLC
   11 Broadway, Suite 220
   New York, NY  10004
   Attorneys for Plaintiff

4. Brian J. Panish
   Panish, Shea & Boyle LLP
   11111 Santa Monica Blvd., Suite 700
   Los Angeles, CA  90025
   Attorneys for Plaintiff

5. Rahul Ravipudi
   Panish Shea & Boyle LLP
   11111 Santa Monica Blvd., #700
   Los Angeles, CA  90025
   Attorneys for Plaintiffs

6. Joseph H. Malley
   Law Office of Joseph H. Malley
   1045 North Zang Blvd.
   Dallas, TX  75208

7. David C. Parisi
   Parisi & Havens LLP
   15233 Valleyheart Drive
   Sherman Oaks, CA  91403
   Attorney for Plaintiffs

_____/s/  W. Scott Mitchell_____
W. Scott Mitchell

5118706_1.DOCX