IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DALE MORTENSEN and MELISSA BECKER, individually, and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BRESNAN COMMUNICATIONS, L.L.C.,<br><br>Defendant. | CV 10-13-BLG-DLC<br><br>ORDER<br><br>**FILED**<br>JUN 1 1 2014<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

United States Magistrate Judge R. Keith Strong entered Findings and Recommendations on May 5, 2014, recommending that arbitration be compelled upon analysis of New York law. Plaintiffs failed to timely object to the Findings and Recommendations, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d

-1-

422, 427 (9th Cir. 2000). There is no clear error in Judge Strong's Findings and Recommendations and the Court adopts them in full. Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

There is no clear error in Judge Strong's finding that the parties made a valid agreement under New York law. Plaintiffs failed to opt out of the contract and their failure to read the contract does not prevent the formation of a valid contract. *Tsadilas v. Providian Nat. Bank*, 786 N.Y.S.2d 478, 480 (2004); *Brower v. Gateway 2000, Inc.*, 676 N.Y.S.2d 569, 572 (1998). Likewise, there is no clear error in Judge Strong's finding that the arbitration agreement is unambiguous, valid, and enforceable. *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151 (9th Cir. 2013); *Marlene Indus. Corp. v. Carnac Textiles, Inc.* 380 N.E.2d 239 (1978). The arbitration agreement is not unconscionable. *See Green Tree Financial Corp.-Ala v. Randolph*, 531 U.S. 79, 91 (2000). Plaintiffs must arbitrate.

Accordingly, IT IS ORDERED that Judge Strong's Findings and Recommendations (Doc. 66) are ADOPTED in full.

IT IS FURTHER ORDERED that Bresnan's motion for reconsideration (Doc. 36) and motion to compel arbitration (Doc. 8) are GRANTED. The Court's

previous order denying Bresnan's motion to compel (Doc. 29) is VACATED.

This case is STAYED pending arbitration of Plaintiffs' claim for money damages, pursuant to 9 U.S.C. § 3.

Dated this 11th day of June 2014

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court